UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JCL HOSPITALITY, LLC | CIVIL ACTION |
| VERSUS | NO: 23-6490 |
| INDEPENDENT SPECIALTY INSURANCE CO., ET AL. | SECTION: "A" (4) |

## <u>ORDER AND REASONS</u>

The following motion is before the Court: **Motion to Compel Arbitration and to Stay, or Alternatively, Dismiss the Proceedings (Rec. Doc. 9)** filed by the defendants, Independent Specialty Insurance Co. and Certain Underwriters at Lloyd's and Other Insurers Subscribing to Binding Authority B604510568622021. The plaintiff, JCL Hospitality, LLC, opposes the motion. The motion, submitted for consideration on January 31, 2024, is before the Court on the briefs without oral argument.[1]

The plaintiff, JCL Hospitality, LLC ("JCL"), filed this action against its insurers ("Defendants") for damages sustained to its property and business (an extended-stay hotel located in Laplace, Louisiana) during Hurricane Ida. JCL alleges that Defendants have not paid covered losses despite having received satisfactory proof of loss. JCL seeks additional policy proceeds as well as statutory penalties and attorneys fees.

Defendants removed the action to this Court relying upon 9 U.S.C. § 203, which confers original jurisdiction upon the district courts of the United States for an action

---

[1] The defendants filed an opposed motion to opt out of the streamlined settlement program, which per the rules of this district was referred to the magistrate judge. That motion is now moot.

falling under the Convention on the Recognition and Enforcement of Foreign Arbitral

Awards ("the Convention"). An arbitration agreement arising out of a legal relationship,

whether contractual or not, which is considered as commercial and is not entirely

between citizens of the United States, falls under the Convention. 9 U.S.C. § 202. The

jurisprudence in this Circuit identifies four requirements for an arbitration agreement to

be covered by the Convention: (1) there must be an agreement in writing to arbitrate the

dispute; (2) the agreement must provide for arbitration in the territory of a Convention

signatory; (3) the agreement to arbitrate must arise out of a commercial legal

relationship; and (4) at least one party to the agreement must not be an American

citizen. *Stemcor USA Inc. v. CIA Siderurgica do Para Cosipar*, 927 F.3d 906, 909–10

(5th Cir. 2019) (citing *Freudensprung v. Offshore Tech. Servs., Inc.,* 379 F.3d 327, 339

(5th Cir. 2004); *Sunkyong Eng'g & Const. Co. v. Born, Inc.*, 149 F.3d 1174 (5th Cir.

1998) (unpublished)*; Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co. (Pemex)*,

767 F.2d 1140, 1144–45 (5th Cir. 1985)).

The insurance policy being sued upon ("the Policy") contains an arbitration

clause.[2]  (Rec. Doc. 1-3 at 37-38, Policy at 27-28). According to the Notice of Removal

Lloyd's is a citizen of the United Kingdom. (Rec. Doc. 1 at 4). Thus, at least one party to

the agreement is not an American citizen.

---

[2] The defendants, Independent Specialty Insurance Co. and Certain Underwriters at Lloyd's and Other Insurers Subscribing to Binding Authority B604510568622021, are separate insurance carriers who are parties to the insurance contract with JCL. For covered losses (other than equipment breakdown), Independent Specialty's participation is 64% and Certain Underwriters' participation is 36%. (Rec. Doc. 1-3 at 63). The Insurers' liability under the Policy for covered losses is several and not joint such that the named insured is considered to have a separate contract with each participating insurer. (*Id.*).

Defendants argue that all of JCL's claims are subject to arbitration under the Policy's arbitration clause. Via the instant motion the defendants seek an order compelling JCL to arbitrate all claims asserted against them in this action, which the defendants argue must be stayed or dismissed while the claims proceed to arbitration.

In opposition, JCL takes the position that there was no valid agreement to arbitrate because Section II of the Convention states that the term "'agreement in writing' shall include an arbitral clause in a contract or an arbitration agreement, **signed by the parties** or contained in an exchange of letters or telegrams." (emphasis added). This case involves "an arbitral clause in a contract," *i.e.*, the Policy, but JCL did not sign the arbitral clause, so according to JCL the "agreement in writing" requirement for purposes of the Convention is not satisfied.

JCL's position as to the "agreement in writing" requirement is foreclosed squarely by *Sphere Drake Insurance v. Marine Towing, Inc.*, 16 F.3d 666 (5th Cir. 1994), and JCL acknowledges as much. JCL contends that *Sphere Drake* was wrongly decided in the first place, but recognizing that this Court cannot simply refuse to follow an on-point decision of the Fifth Circuit, JCL argues that *Sphere Drake*'s reasoning has been undermined since its release, and this Court should decline to follow it for that reason alone.

The *Sphere Drake* decision remains binding on this Court until the Fifth Circuit revisits its holding. In this circuit, the Convention's requirements for an enforceable arbitration clause in a contract are all satisfied. JCL must arbitrate its claims against Certain Underwriters.

JCL argues that even if Certain Underwriters, as a foreign defendant, can compel

arbitration under the Convention, Independent Specialty, which is a domestic defendant, cannot enforce the arbitration provision in its separate contract with JCL because Louisiana law prohibits enforcement. JCL cites La. R.S. § 22:868(A) in support of this contention. Section 22:868 provides in pertinent part that "[n]o insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state . . . shall contain any condition, stipulation, or agreement . . . [d]epriving the courts of this state of the jurisdiction or venue of action against the insurer." § 22:868(A)(2).

JCL's position ignores Subsection D of La. R.S. § 22:868 which states as follows: "The provisions of Subsection A of this Section shall not prohibit a forum or venue selection clause in a policy form that is not subject to approval by the Department of Insurance."

The policy forms of surplus line insurers are not subject to approval by the Department of Insurance. La. R.S. § 446(A). The Policy expressly states that it is delivered as a "surplus line coverage" under the Louisiana Insurance Code. (Rec. Doc. 1-3 at 2, Policy at 2). Therefore, Louisiana law does not prohibit Independent Specialty from obtaining an order compelling JCL to arbitrate its claims against the domestic insurer. *See Brooks & Brooks Invest., LLC v. Mt. Hawley Ins. Co.*, No. 22-3854, 2022 WL 17476969, at *2 (E.D. La. Dec. 6, 2022) (Zainey, J.). JCL must arbitrate its claims against Independent Specialty.

Finally, the Court declines JCL's suggestion that this Court should dictate to the arbitrators the law to be applied in the upcoming arbitration proceeding. *See Maxwell Heirsch, Inc. v. Velocity Risk Underwriters, LLC*, No. 23-495, 2023 WL 4763104, at *4

4

(E.D. La. July 26, 2023) (Ashe, J.) (questioning the authority of a district court compelling arbitration to preempt potential arguments that the defendants may raise in the future arbitration proceeding).

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Compel Arbitration and to Stay, or Alternatively, Dismiss the Proceedings (Rec. Doc. 9)** filed by the defendants, Independent Specialty Insurance Co. and Certain Underwriters at Lloyd's and Other Insurers Subscribing to Binding Authority B604510568622021, is **GRANTED**.

**IT IS FURTHER ORDERED** that the **Motion to Opt Out of Streamlined Settlement Program (Rec. Doc. 11)** filed by the defendants, Independent Specialty Insurance Co. and Certain Underwriters at Lloyd's and Other Insurers Subscribing to Binding Authority B604510568622021, is **MOOT.**

**IT IS FURTHER ORDERED** that this matter is **STAYED** and **ADMINISTRATIVELY CLOSED** while the parties pursue arbitration. Any party may move to reopen the case, if necessary, once the arbitration is complete.

February 20, 2024

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

**NEF: Magistrate Judge 4**